UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

JOHN R. APPELMAN                                                          CASE NO. 10-22396

DEBTOR

## MEMORANDUM OPINION

This matter is before the Court following a chapter 13 confirmation hearing held on February 11, 2011. For the following reasons, the Court holds that the "Special Provisions" of the plan which would require for the trustee to continue making payments on allowed secured claims "even if the creditor is granted relief from the bankruptcy stay" must be deleted from the plan.

In this District, the Standing Order of October 17, 2005 states that a chapter 13 plan shall conform to Form No. 2 as revised 10/17/05 (the "Form Plan"). Section II.D of the Form Plan provides:

> **Orders Granting Relief from Stay.**  If at any time during the life of the plan an order terminating the automatic stay is entered, no further distributions shall be made to the Creditor until such time as an amended claim for any deficiency is filed and allowed....

Debtor's original chapter 13 plan filed herein contained this language [DOC 17].  DCFS USA LLC ("Creditor"), a creditor holding a claim secured by a 2007 Freightliner, filed an objection to the Plan [DOC 24] asserting that the Plan impermissibly required the Trustee to permanently stop disbursement on the Creditor's claim if stay relief was granted post-confirmation. In response to this objection, the Debtor filed an amended plan [DOC 29] which resulted in: (a) a withdrawal of the Creditor's objection [DOC 33] and (b) an objection being filed by the chapter 13 trustee [DOC 37].

Section II.D. of the Debtor's amended plan (DOC 29) complies with the Standing Order reviewed above and the required Form Plan. However, Section VII.B. "Special Provisions" of the amended plan provides:

> The Trustee shall continue to make disbursements on a creditor's allowed secured claim even if the creditor is granted relief from the bankruptcy stay during the pendency of the bankruptcy, until the claim is paid.

Thus, the "Special Provision" is directly contrary to the Form Plan which requires the Trustee to stop payments on secured claims "until such time as an amended claim for any deficiency is filed and allowed." The Trustee objects to the attempt to negate this provision of the Form Plan.

While neither the Trustee nor the Debtor has briefed the issue, at the confirmation hearing, the Debtor cited In re Nolan, 232 F.3d 528 (6th Cir. 2000) and In re Adkins, 425 F.3d 296 (6th Cir. 2005) as permitting his proposed "Special Provision". However, neither Nolan nor Adkins prohibit the Trustee from *temporarily* ceasing distributions on a creditor's secured claim post-stay relief pending a disposition of the collateral and the filing of an amended claim. In fact, such a provision is prudent to insure that a secured creditor is not *overpaid* on its secured claim. The deficiency balance at issue in both Nolan and Adkins, was the "deficiency resulting from the sale of the collateral." Adkins, 425 F.3d at 299. Both cases addressed issues relating to the reclassification of claims, not the mechanism for payment of claims. Here, the "Special Provision" is in direct conflict with a legally permissible and required provision of the Court's Standing Order and Form Plan reviewed above. Accordingly, the Trustee's Objection is sustained and the Debtor shall amend his plan

in conformity herewith within fourteen (14) days. The Trustee shall tender an order continuing the confirmation hearing to April 12, 2011.

Copy to:

Dennis C. Helmer, Esq.
Beverly M. Burden, Esq.

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, March 07, 2011**
**(tnw)**